```
                                              ___FILED      ___RECEIVED
                                              ___ENTERED    ___SERVED ON
                                                    COUNSEL/PARTIES OF RECORD

                                                     OCT 2 3 2012

                                              CLERK US DISTRICT COURT
                                               DISTRICT OF NEVADA
                                              BY:_____DEPUTY
```

1  DANIEL G. BOGDEN
   United States Attorney
2  NANCY J. KOPPE
   ROGER YANG
3  Assistant United States Attorneys
   333 Las Vegas Boulevard South, Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336 / Fax: (702) 388-6698
5

6              UNITED STATES DISTRICT COURT
7                   DISTRICT OF NEVADA
8                          -oOo-

9  UNITED STATES OF AMERICA,
10            Plaintiff,                    2:12-cr-00060-MMD-VCF
11     vs                                   **PLEA AGREEMENT UNDER**
                                            **FED. R. CRIM. P. 11 (c)(1)(A) and (B)**
12 PAUL WEXLER,
13            Defendant.

14

15        Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States
16 Attorney, and NANCY J. KOPPE and ROGER YANG, Assistant United States Attorneys, the
17 defendant PAUL WEXLER, and the defendant's attorney, WILLIAM C. CARRICO, Assistant
18 Federal Public Defender, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

19 I.    **SCOPE OF AGREEMENT**

20        The parties to this Plea Agreement are the United States of America and Paul Wexler (the
21 defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for
22 the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory
23 authority, the United States Probation Office, or the Court.

24 . . . .
25 . . . .
26 . . . .

1  The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the following charge as set forth in the superseding indictment returned by the grand jury on August 28, 2012: Count 1 - Coercion and Enticement, in violation of 18 U.S.C. § 2422(b).

The defendant also agrees to the forfeiture of the property set forth in this Plea Agreement and the Superseding Indictment.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

. . . .

2

1  C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States.

## III. ELEMENTS OF THE OFFENSES

The elements of Coercion and Enticement under 18 U.S.C. § 2422(b) are:

1. The defendant, using the mail or any facility or means of interstate or foreign commerce;;

2. Knowingly persuaded, induced, enticed, or coerced, or knowingly attempted to persuade, induce, entice or coerce;

3. Any individual who had not attained the age of 18 years;

4. To engage in any sexual activity for which any person can be charged with a criminal offense.

## IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt forfeit the specified property. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

. . . .

. . . .

. . . .

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1. On November 8, 2011, Henderson Police Department (HPD) Detective Taun Yurek initated an online undercover investigation on the Internet. He observed an ad on Craigslist.com, in the "casual encounter" section, with the title, "Any Mother/Daughter Duos?- m4ww - m4w - 48 (Vegas)." In the posting was a short narrative that wrote, "I am a dirty old man looking for a mother daughter duo! I can host or travel, you must be able to play without condom. Please change subject to duo, and be prepared to send a pic."

2. Detective Yurek responded to this ad, as a 13-year old girl, and a chat conversation ensued between Detective Yurek and the poster of the ad, later identified as defendant, Paul Wexler. Defendant admitted he had posted the Craigslist ad, stating, "Yes I do like younger girls too, do you have a pic? Do you like older guys?" At defendant's request, Detective Yurek sent him, over the Internet, a forensically age-regressed image of a female officer who appeared to be a 13-year old female.

3. The chat conversations continued from November 8, 2011 through December 6, 2011. During these conversations, defendant spoke in graphic terms about sexual acts in which the "girl" had engaged, as well as sexual acts in which he intended to engage with the "girl." Defendant also specifically stated that he was ok with "the girl's" age. Defendant turned the discussions to meeting the girl for the purpose of engaging in sexual activities with her, and eventually a meeting was set up so that they could engage in illegal sexual conduct. Defendant told the "girl" he would purchase panties for her.

4. The meeting was set for the night of December 6, 2011. At approximately 3:42 p.m., defendant's vehicle was observed driving in the parking lot of the pre-arranged meet site by a Henderson detective. Defendant was taken into custody without incident. Inside of the vehicle, detectives located three pairs of size small g-string underwear, along with a receipt dated December 6, 2011, at 3:37 p.m.

5. At the Henderson Police Department interview room, Detective Yurek read defendant his rights per *Miranda*, which defendant waived. When defendant was shown the advertisement he placed on Craigslist.com, he advised he recognized the ad and placed the advertisement on Craigslist.com. Defendant advised he was speaking to a 13-year old girl named "Tanya" via email and Gmail chat. Defendant advised that the conversation turned sexual in nature; however, he showed up at the meet site to meet her but he was not going to bring her back to his apartment. Defendant advised he bought the underwear for the girl and that he was going to give it to her. Defendant said he was remorseful and that he was just "stupid and lonely." Detective Yurek asked defendant if it was appropriate to give a 13-year old girl underwear and talk with her about having sex and defendant said that he did not have kids but he would "kill" the person if he found out that an adult such as himself was going to have sex with a 13-year old girl and give them underwear.

6 On December 6, 2011, Detective Yurek completed an affidavit for search warrant for defendant's residence, in the District of Nevada, which was reviewed and signed by the Honorable Judge George of the Henderson Justice Court. On the same date, detectives from the Henderson Police Department served the search warrant at defendant's residence. Inside of the residence, they located items that contained contraband.

7. Defendant used the Internet to post his ad on Craigslist and to communicate with the "girl." The Internet is a facility of interstate commerce. Defendant was 50 years old throughout the activity that constituted this crime; thus, the sexual activities that he intended to engage in with the 13-year old girl, including sexual intercourse, are illegal in the State of Nevada. These activities occurred in the District of Nevada.

. . . .

. . . .

. . . .

. . . .

8. The defendant admits that the following property either (a) constitutes or is derived from proceeds he obtained directly or indirectly from his criminal violations, or (b) was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, his criminal violations.

  a. Black Dell PC Tower, bearing serial number 4G4VDK1.

  b. Tan Compaq PC Tower, bearing serial number 6130FHGZC858.

  c. Silver/Black Compaq Laptop, bearing serial number 5Y22KHYZR08E.

  d. Black HP Laptop, bearing serial number CNF64734Q1, with power cord.

  e. Any and all computer images, including movie files, depicting a minor engaging in sexually explicit conduct and the diskettes and hard drives on which they are maintained.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

6

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

1. The Base Offense Level is 28. (§ 2G1.3(a)(3)); and

   a. A 2 level upward adjustment applies because the offense involved the use of a computer or an interactive computer service to persuade, entice, induce or coerce a minor to engage in prohibited sexual conduct. (§ 2G1.3(b)(3)(A)).

2. The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>.

1. Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

2. Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

3. These Sentencing Guidelines provisions, if applied, will result in a total offense level of either 28 (if two-level adjustment applies) or 27 (if two-level adjustment and additional one-level adjustment both apply).

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>.

1. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

2. The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

3. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands that the requirements for

1  registration include providing defendant's name, defendant's residence address, and the names and
2  addresses of any places where defendant is or will be an employee or a student, among other
3  information. Defendant further understands that the requirement to keep the registration current
4  includes informing at least one jurisdiction in which defendant resides, is an employee, or is a
5  student not later than three business days after any change of defendant's name, residence,
6  employment, or student status. Defendant has been advised, and understands, that failure to comply
7  with these obligations subjects defendant to prosecution for failure to register under federal law, 18
8  U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. Defendant understands that
9  by pleading guilty, defendant will be required to register as a sex offender upon his release from
10 prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also
11 understands that independent of supervised release, he will be subject to federal and state sex
12 offender registration requirements, and that those requirements may apply throughout his life. The
13 defendant understands that he shall keep his registration current, shall notify the state sex offender
14 registration agency or agencies of any changes to defendant's name, place of residence, employment,
15 or student status, or other relevant information. Defendant shall comply with requirements to
16 periodically verify in person his sex offender registration information. Defendant understands that
17 he will be subject to possible federal and state penalties for failure to comply with any such sex
18 offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c),
19 notice will be provided to certain law enforcement agencies upon his release from confinement
20 following conviction.

21       4.    As a condition of supervised release, defendant shall initially register with the
22 state sex offender registration in Nevada, and shall also register with the state sex offender
23 registration agency in any state where defendant resides, is employed, works, or is a student, as
24 directed by the Probation Officer. The defendant shall comply with all requirements of federal and
25 . . . .
26 . . . .

9

state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### VII.   APPLICATION OF SENTENCING STATUTES

A.   <u>Maximum Penalty</u>.  The maximum penalty for Coercion and Enticement under 18 U.S.C. § 2422(b) is a lifetime prison sentence, a fine of $ 250,000, or both.

B.   <u>Factors Under 18 U.S.C. § 3553</u>.  The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence.  However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C.   <u>Additional Mandatory Sentencing Provisions</u>.  The defendant acknowledges and understands that this crime carries a 10-year mandatory minimum sentence.  Therefore, he cannot and will not receive a sentence that is less than 10 years incarceration.

D.   <u>Parole Abolished</u>.  The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

E.   <u>Supervised Release</u>.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed life.  18 U.S.C. § 3583(j).  Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements.  If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment equal to the statutory maximum prison sentence of life.

F.   <u>Special Assessment</u>.  The defendant will pay a $100.00 special assessment per count at the time of sentencing.

. . . .

. . . .

## VIII. POSITIONS REGARDING SENTENCE

A. The parties will jointly recommend that the Court sentence the defendant to the mandatory minimum sentence of 10 years incarceration, followed by lifetime supervised release, unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a low-end sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

B. The defendant will not request a sentence below the mandatory minimum sentence of 10 years incarceration, and will not request any amount of supervised release less than life.

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

. . . .

. . . .

. . . .

. . . .

. . . .

11

X.  **FORFEITURE**

The defendant knowingly and voluntarily:

A. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of:

1. Black Dell PC Tower, bearing serial number 4G4VDK1;
2. Tan Compaq PC Tower, bearing serial number 6130FHGZC858;
3. Silver/Black Compaq Laptop, bearing serial number 5Y22KHYZR08E; and
4. Black HP Laptop, bearing serial number CNF64734Q1, with power cord; and
5. Any and all computer images, including movie files, depicting a minor engaging in sexually explicit conduct and the diskettes and hard drives on which they are maintained ("property");

B. Abandons or forfeits the property to the United States;

C. Relinquishes all right, title, and interest in the property;

D. Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

E. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

F. Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

G. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

H. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

I. Waives his right to a jury trial on the forfeiture of the property;

  J. Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

  K. Agrees to the entry of an Order of Forfeiture of the property to the United States;

  L. Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

  M. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

  N. The defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

## XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

  A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

    (1) He has read this Plea Agreement and understands its terms and conditions;

    (2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

    (3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. Waiver of Appeal and Post-Conviction Proceedings.

1. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed at the mandatory minimum sentence of 10 years incarceration; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

2. The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

3. The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. Removal/Deportation Consequences. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense

described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIII.  ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 10·24·12

_(signature)_
NANCY J. KOPPE
ROGER YANG
Assistant United States Attorneys

DATE Oct 24, 2012

_(signature)_
WILLIAM C. CARRICO
Assistant Federal Public Defender
Counsel for the Defendant

DATE 10/16/2012

_(signature)_
PAUL WEXLER
Defendant