UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00060-MMD-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| PAUL WEXLER, | |
| Defendant. | |

**I.   SUMMARY**

Defendant Paul Wexler has served approximately 86% of his sentence (which will be followed by lifetime supervised release) on one count of coercion and enticement. (ECF No. 42 at 1-2.) Before the Court is his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling reasons" presented by the COVID-19 pandemic[1] as applied to his health and particular circumstances (the "Motion"). (ECF No. 42.) The government does not oppose Defendant's release. (ECF No. 47.) As further explained below, the Court will grant Defendant's unopposed Motion because "(1) he is suffering from ailments that place him at increased risk for COVID-19 infection; (2) he has served 86% of his imprisonment term; (3) he poses a minimal risk to public safety, which can be managed through home confinement and a lifetime of supervision conditions; and (4) the 18 U.S.C. § 3553(a) factors support his release." (*Id.* at 13.)

///

///

---

[1] The Court issues this order during the COVID-19 pandemic, as a novel coronavirus is killing many people around the world, and many governments, including the governments of the United States and Nevada, have at least partially shut down their societies and economies in response. (ECF No. 42 at 8-12.)

## II. LEGAL STANDARD

As mentioned, Defendant seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (ECF Nos. 42 at 1.) This provision offers Defendant a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the BOP [Bureau of Prisons] to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *U.S. v. Mogavero*, Case No. 2:15-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Moreover, before granting such a request, the Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citations omitted).

## III. DISCUSSION

Section 3582(c)(1)(A) implies a three-step process under which the Court must evaluate compassionate release motions. That process begins with the Court determining whether Defendant has satisfied the statutory prerequisites under Section 3582(c)(1)(A). The Court then proceeds to evaluating whether Defendant has shown "extraordinary and compelling reasons" for the Court to release him under Section 3582(c)(1)(A)(i), and then considers the applicable sentencing factors under Section 3553(a). Here, the parties agree the Court should grant Defendant's Motion, and thus agree at each of the three steps. The Court agrees with the parties, but will briefly address each of the three steps of the analysis.

///

///

### A.   Statutory Prerequisites

Defendant represents he has satisfied the statutory prerequisites because the warden denied his compassionate release request, as well as his appeal. (ECF No. 42 at 13.) The government agrees the Court may entertain Defendant's request because the Warden denied his request, and Defendant's appeal was also denied. (ECF No. 47 at 2.) For these reasons, the Court finds it has jurisdiction over Defendant's request, and will move on to the other two steps of the analysis.

### B.   Extraordinary and Compelling Reasons

Defendant argues extraordinary and compelling reasons support his request because his age and underlying medical conditions place him at high risk of contracting a severe case of COVID-19, and he is at high risk of exposure to COVID-19 because he is incarcerated. (ECF No. 42 at 13-29.) Specifically, Defendant is nearly 60, and suffers from "COPD, asthma, high blood pressure (hypertension), Barrett's Esophagus (for which he has had two ablation procedures and require at least two more), arthritis, and has suffered two strokes and two heart attacks (2010-2012, respectively)." (*Id.* at 12, 16.) "The government does not contest that Wexler suffers from medical conditions that put him at risk of significant complications from COVID-19." (ECF No. 47 at 2.) Moreover, the Court has reviewed the medical records Defendant filed under seal with his request. (ECF No. 43.) They confirm his representations in his briefing. The Court therefore agrees with the parties Defendant has shown extraordinary and compelling reasons support his request because his age and medical conditions place him at high risk of contracting a severe case of COVID-19. *See U.S. v. Regas*, Case No. 3:91-cr-00057-MMD, 2020 WL 2926457, at *3-*4 (D. Nev. June 3, 2020) (finding that extraordinary and compelling reasons existed to grant compassionate release motion where the combination of the Defendant's age and underlying health conditions placed him at elevated risk of contracting a severe case of COVID-19).

///

///

### C. Sentencing Factors

The Court must next consider the factors set forth in Section 3553(a) to the extent they are applicable. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a)(1)-(7).

Defendant argues these factors favor granting his Motion because: (1) he had no criminal history at the time of his offense; (2) his disciplinary record since being incarcerated is spotless; (3) he has been in prison for over seven years and will remain on supervised release as a registered sex offender for the rest of his life; (4) he has served approximately 86% of his sentence; and (5) he has a solid release plan in place. (ECF No. 42 at 2, 30-32.) The government agrees the Section 3553(a) factors support releasing Defendant because he will remain on lifetime supervised release, "he has served the great majority of the sentence the Court imposed, had no prior criminal history, and appears to have a re-entry plan in place." (ECF No. 47 at 2.) The Court again agrees with the parties. The Section 3553(a) factors favor granting the Motion.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

///

///

///

4

1 It is therefore ordered that Defendant's motion for compassionate release (ECF
2 No. 42) is granted.

3 DATED THIS 12th Day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE